IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12CR084 |
| Plaintiff, | : | Judge Walter Herbert Rice |
| v. | : | |
| DARIUS DELEON STEVENS, SR. | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE
OF DEFENDANT DARIUS DELEON STEVEN, SR.'S ASSETS**

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in record, including the Plea Agreement, the Court HEREBY FINDS THAT:

1. The Defendant plead guilty to Count One of the Information, Conspiracy to Make, Utter and Possess Forged Securities of Organizations, to-wit: business checks from businesses and financial institutions, in violation of 18 U.S.C. § 513(a), all in violation of 18 U.S.C. § 371. (Doc. 2.)

2. In pleading guilty to Count One of the Information, the Defendant agreed to the immediate forfeiture, pursuant to:

> a. 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Information;
>
> b. 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), of his interest in all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in the

offense charged in Count One of the Information and any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things found in the possession of Defendant without any authority from the Secretary of the Treasury or other proper officer; and

c. 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), of his interest in all firearms and ammunition involved in or used in the offense charged in Count One of the Information.

3. The Defendant has an interest in the following property (hereinafter referred to as the "Currency"):

    (a)     $1,324.00 in U.S. Currency.

4. The Defendant has an interest in the following property (hereinafter referred to as the "Subject Property"):

    (a)     Sony Vaio Laptop Computer, Model PCG974L, SN 283293303420885, with black bag and misc cords;

    (b)     Custom Built Desktop Computer;

    (c)     Compaq Desktop Computer, Model SR1000, SN CNH63314CH;

    (d)     Netgear Wireless Router, Model WGR614, SN 1MU1877M00DED;

    (e)     GBC Heat Seal H100, SN PFV4099;

    (f)     HP PSC 2175 All-In-One Printer, SN MY392F9398;

    (g)     HP Laser Jet 1200 Printer, SN CNBSJ16433;

    (h)     Brother GX-6000 Typewriter, SN J16322698;

    (i)     Canon U160 Typewriter, SN TC2010267;

(j) OKI Microline 320 Tubro Printer, SN AE55011126E0;

(k) Video Professor Learn Word Software;

(l) Adobe Photoshop C53 Software;

(m) Adobe Photoshop C52 Software;

(n) 16 CDs commercial;

(o) 27 CD's;

(p) ID by mail;

(q) The Encyclopedia of Personal Information;

(r) ID Checking Guide;

(s) The ID Forger;

(t) How to Make Drivers Licenses and Other ID on Your Home Computer; and

(u) Miscellaneous books and manuals.

5. The Defendant has an interest in the following property (hereinafter referred to as the "Firearm/Ammunition" ):

(a) Ruger P90 .45 handgun, SN: 662-48410; and

(b) .45 caliber magazines and ammunition.

6. The Defendant agreed that the Currency was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and agreed to the immediate forfeiture of his interest in the Currency identified above in paragraph 3(a).

7. The Defendant agreed that the Subject Property was subject to forfeiture pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), and agreed to the immediate forfeiture of his interest in the Subject Property identified above in paragraph 4(a)-(u).

8. The Defendant agreed that the Firearm/Ammunition was subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and agreed to the immediate forfeiture of his interest in the Firearm/Ammunition identified above in paragraph 5(a)-(b).

9. The Currency is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Information.

10. The Subject Property is forfeitable pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), as all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in the offense charged in Count One of the Information and any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things found in the possession of Defendant without any authority from the Secretary of the Treasury or other proper officer.

11. The Firearm/Ammunition is forfeitable pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as any firearm and ammunition involved in or used in the commission of the offense charged in Count One of the Information.

12. The United States has established the requisite nexus between the Currency, the Subject Property and the Firearm/Ammunition and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Information.

2. The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the following Currency:

    (a)     $1,324.00 in U.S. Currency.

3. The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in the offense charged in Count One of the Information and any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things found in the possession of Defendant without any authority from the Secretary of the Treasury or other proper officer.

4. The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), the following Subject Property:

    (a)     Sony Vaio Laptop Computer, Model PCG974L, SN 283293303420885, with black bag and misc cords;

    (b)     Custom Built Desktop Computer;

    (c)     Compaq Desktop Computer, Model SR1000, SN CNH63314CH;

    (d)     Netgear Wireless Router, Model WGR614, SN 1MU1877M00DED;

    (e)     GBC Heat Seal H100, SN PFV4099;

    (f)     HP PSC 2175 All-In-One Printer, SN MY392F9398;

    (g)     HP Laser Jet 1200 Printer, SN CNBSJ16433;

    (h)     Brother GX-6000 Typewriter, SN J16322698;

    (i)     Canon U160 Typewriter, SN TC2010267;

(j)  OKI Microline 320 Tubro Printer, SN AE55011126E0;

(k)  Video Professor Learn Word Software;

(l)  Adobe Photoshop C53 Software;

(m)  Adobe Photoshop C52 Software;

(n)  16 CDs commercial;

(o)  27 CD's;

(p)  ID by mail;

(q)  The Encyclopedia of Personal Information;

(r)  ID Checking Guide;

(s)  The ID Forger;

(t)  How to Make Drivers Licenses and Other ID on Your Home Computer; and

(u)  Miscellaneous books and manuals.

5. The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the commission of the offense charged in Count One of the Information.

6. The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following Firearm/Ammunition:

(a)  Ruger P90 .45 handgun, SN: 662-48410; and

(b)  .45 caliber magazines and ammunition.

7. The Defendant having agreed to the immediate forfeiture of the Currency, the Subject Property and the Firearm/Ammunition, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the Sentence and be included in the Judgment. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

8. The United States is authorized to seize the Currency, the Subject Property and the Firearm/Ammunition, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

9. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(I) applies.

10. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

11. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and the relief sought.

12. If a third party files a petition asserting an interest in the Currency, the Subject Property and/or the Firearm/Ammunition, the court will conduct an ancillary proceeding.

13. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

14. The United States shall have clear title to the Currency, the Subject Property and the Firearm/Ammunition following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

15. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED:

Dated: 7-6-12

*(signature)*
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE